IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| UNITED STATES OF AMERICA,   *<br>          Plaintiff,   *<br>                                      *<br>v.                                  *<br>                                      *<br>16770 DIGGINS ROAD, HENDERSON,   *<br>MARYLAND 21640 (Snow),   *<br>          Defendant.   *<br>                                      * | Civil No. _____ |

...oooOooo...

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the United States of America, through undersigned counsel, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against real property known as **16770 Diggins Road, Henderson, Caroline County, Maryland 21640**, with all buildings, appurtenances, and improvements thereon, hereinafter referred to as "defendant property," which was used and intended to be used to commit and to facilitate the commission of a felony violation of 21 U.S.C. section 841, and is, therefore, forfeitable pursuant to 21 U.S.C. section 881(a)(7), and also is proceeds traceable to an exchange for a controlled substance in violation of 21 U.S.C. section 841, and is, therefore, forfeitable pursuant to 21 U.S.C. section 881(a)(6).

## JURISDICTION AND VENUE

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States

1

under 28 U.S.C. section 1345, over an action for forfeiture under 28 U.S.C. section 1355(a), and over this particular action under 21 U.S.C. section 881.

3. Venue is proper in this district pursuant to 28 U.S.C. section 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. section 1395 because the defendant property is located in this district.

4. Land records for **Caroline County** indicate that the defendant real property **16770 Diggins Road, Henderson, Caroline County, Maryland 21640,** is owned by Charles S. Snow and Eugene E. Snow.

## BASIS FOR FORFEITURE

5. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. section 881(a)(7) because it was used and intended to be used to commit and to facilitate the commission of a felony violation of 21 U.S.C. section 841, and also because it is proceeds traceable to an exchange for a controlled substance in violation of 21 U.S.C. section 841, and is therefore forfeitable pursuant to 21 U.S.C. section 881(a)(6).

## FACTS

6. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Senior Trooper Christina L. Darienzo of the Maryland State Police, which is incorporated herein by reference.

**WHEREFORE,** the plaintiff prays as follows:

1. That any persons having an interest in the above-described defendant property be cited to appear herein and answer the Complaint;

2. That the United States Marshals Service be authorized to post notice of the pendency of this civil forfeiture case at the defendant property;

3. That Judgment of Forfeiture be decreed against the defendant property;

4. That upon Final Decree of Forfeiture, the United States Marshals Service dispose of the defendant property according to law; and

5. That the plaintiff have such other and further relief as the case may require.

Respectfully submitted,
Rod J. Rosenstein
United States Attorney

August 6, 2014

_____
Richard C. Kay
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Telephone: (410) 209-4850
Bar No. 06766

## VERIFICATION

I, Richard C. Kay, declare under penalty of perjury as provided by 28 U.S.C. section 1746, that the foregoing Complaint for Forfeiture in rem is based on reports and information furnished to me by the Maryland State Police, and that everything contained therein is true and correct to the best of my knowledge and belief.

_____
Richard C. Kay
Assistant United States Attorney

## Declaration in Support of Judicial Forfeiture

### I. Purpose of the Declaration

This declaration is submitted in support of a complaint for civil forfeiture pursuant to 18 U.S.C. §985(a), and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, for the following real property:

**16770 Diggins Road, Henderson, Maryland 21640**

I submit that there are sufficient facts to support a reasonable belief that this property was used and was intended to be used to commit, and to facilitate the commission of a violation of Title 21, United States Code Section 841, and therefore, should be forfeited to the United States of America pursuant to 21 U.S.C. section 881(a)(7).

### II. Your Affiant

The name of your Affiant is Senior Trooper Christina L. Darienzo of the Maryland State Police, currently assigned to the Drug Enforcement Division, Asset Forfeiture Unit. Your Affiant has been a member of the Department of Maryland State Police since July of 2001. During this time your Affiant has been assigned to the Uniformed Patrol Division, Criminal Investigation Division and Drug Enforcement Divisions of the Maryland State Police.

### III. Statement of Facts

The information set forth below is based upon my review of records and upon information provided to me by other sworn law enforcement officers participating in the investigation. The Maryland Department of Assessments and Taxation, Caroline County Land Records indicates that the real property at 16770 Diggins Road, Henderson, Maryland 21640, has been owned by Charles S. Snow and Eugene E. Snow (C/O Martin A. Snow).

On July 16, 2014, investigators at the Caroline County Drug Task Force were conducting a Marijuana Eradication flight in Caroline County, Maryland. During that flight, numerous Marijuana plants were spotted growing in the backyard of 16770 Diggins Road, Henderson, Maryland 21640.

While observing the Marijuana plants it was observed that a white male, later identified as Martin Andrew Snow, exit the residence through the garage and went to the Marijuana plants and started to pull them from the ground, in an attempt to destroy them.

Due to the white male destroying evidence of the Marijuana grow operation, the flight personnel dropped off the task force investigators in the yard of the suspect residence and additional law enforcement personnel were called to respond to the above residence.

1

Task Force investigators detained the male and identified him as the Martin Andrew Snow. Due to the possibility of other persons inside the residence possibly destroying more evidence, the residence was entered and a protective sweep for additional persons was conducted. A very strong odor of raw Marijuana was emitting from inside the garage/residence, where Snow had just exited from. During the sweep of the residence a very strong odor of raw Marijuana was detected throughout the residence. No other subjects were located inside the residence.

Investigators read Snow his Miranda Rights verbally, after being advised of his rights; Snow verbally waived his right to the presence of an attorney and agreed to speak about what took place. Snow admitted that he smokes Marijuana every day and claims to smoke about (6) joints (street slang for Marijuana cigarette) a day. Snow also stated that he gives Marijuana to people but, does not accept money for it. Snow stated that he grows approximately 24 Marijuana plants a year for his personal use. Snow admitted to smoking one pound of Marijuana per month.

Snow further admitted to having Marijuana plants next to his residence. Snow advised that he heard the helicopter flying over his house and assumed it was the police. Snow advised that he then came outside and began pulling the Marijuana plants from their pots in an attempt to hide them from the view of helicopter personnel. Snow stated that he has been growing Marijuana at that residence every year since he moved there in 1992.

Members of the Caroline and Talbot County Drug Task Forces secured the residence, while a search and seizure warrant for the property was being obtained. The search and seizure warrant was authorized by the Honorable Judge Everngam of the District Court for Caroline County, MD and was executed at 1755 hours.

As a result of the Search and seizure warrant the following items were located and seized; 61 marijuana plants, 43.8 pounds (not including packaging) of marijuana, 6.3 grams of hash, Ruger .22 caliber handgun, Colt MK4 .45 handgun, .17 Cal Rifle, (2) Mossberg 12 gauge shotguns, .22 Hornet rifle, and Traditions .50 caliber muzzle loader.

While at the Sheriff's Office, a criminal history check was conducted of Snow and it was discovered that Snow was convicted of Sales/Possession of hypodermic needles and possession of a dangerous drug in the 6th degree (MD equivalent of CDS possession not-marijuana) in February of 1972. Both of these charges prohibit Snow from possessing firearms or ammunition.

As a result of the above incident, Snow was taken to the Caroline County Commissioner's Office, where he was charged with Manufacturing CDS, Possession with Intent to Distribute, Illegal Possession of a Firearm, Illegal Possession of ammunition, and CDS Possession of Marijuana. Snow was released on a $10,000.00 bond.

I caused a check of Snow's criminal history which revealed four (4) prior CDS related criminal arrests; of which three (3) were CDS related felonies. Snow's last arrest was in January of 1981, for a CDS related felony. A multi-state wage history check and check through the State of Maryland Department of Labor, Licensing and Regulation of Snow revealed no documented earnings.

### IV Conclusion

Based on the foregoing, I submit that there are sufficient facts to support a reasonable belief that **16770 Diggins Road, Henderson, Maryland 21640** was used and was intended to be used to commit, and to facilitate the commission of a violation of Title 21, United States Code Section 841, and therefore, should be forfeited to the United States of America pursuant to 21 U.S.C. section 881(a)(7).

Based on training and experience, I am aware that 21 U.S.C. section 881(a)(7), authorizes forfeiture of real property that "is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a [drug felony]." I am also aware that the Fourth Circuit has interpreted this provision to require "a substantial connection between the property and the underlying criminal activity." United States v. 7715 Betsy Bruce Lane, Summerfield, N.C., 906 F.2d 110, 112-113 (4th Cir. 1990). In that same case, the Fourth Circuit stated that "a single felony drug violation ... is all that is needed...." Id. at 113. According to 21 U.S.C. section 812(c)(Schedule I(c)(15)), Marijuana is a Schedule I controlled substance. The manufacture and distribution of Marijuana is a drug felony. 21 U.S.C. section 841 (a).

I declare, under penalty of perjury as provided in 28 U.S.C. section 1746 that the foregoing is true and correct to the best of my knowledge and belief.

8/6/14
Date

S/Tpr Christina L. Darienzo
Senior Trooper
Maryland State Police

3

# MEMORANDUM

DATE:      August 7, 2014

TO:        Krissy Cupp
           U.S. Marshal Service

FROM:      Matthew Miller
           FSA Paralegal Specialist

RE:                U.S. v.    **16770 Diggins Road, Henderson, Maryland 21640 (Snow)**
           Civil Action No. _____

**Case No.**

    The United States has filed a forfeiture action against **16770 Diggins Road, Henderson, Maryland 21640 (Snow)**.   A copy of the Complaint for Forfeiture is attached.

    Notice of this seizure will be published at **www.forfeiture.gov** pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

    Also attached is a Form USM-285 requesting that the Marshals do the following:

    (1) Post <u>Notice of Complaint For Forfeiture</u> on the defendant real property, and

    (2) Serve a copy of the Notice and a copy of the Verified Complaint for Forfeiture on the owner of the defendant real property.

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER |
|---|---|
| 16770 Diggins Road, Henderson, Maryland 21640 (Snow) | TYPE OF PROCESS<br>Verified Complaint in Rem |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Charles S. and Eugene E. Snow

ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code)

SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW:

Naquita C. Ervin, Paralegal Specialist
U.S. Attorney's Office
36 S. Charles Street, 4th floor
Baltimore, Maryland 21201

Number of process to be served with this Form - 285

Number of parties to be served in this case

Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service)

Post Notice on property premises. Fill in the date of arrest in this process receipt and return our copy.

Signature of Attorney or other Originator requesting service on behalf of:  ☒ PLAINTIFF  ☐ DEFENDANT

TELEPHONE NUMBER: 410-209-4800

DATE: 8/7/14

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted)

| Total Process No. | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

Name and title of individual served (If not shown above).

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

Date of Service

Time  am  pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |

REMARKS: